UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH W. BAKER, JR.,
                          Plaintiff,

-v-

TA-NEHISI P. COATES, *et al.*,
                          Defendants.

22-CV-7986 (JPO)

OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION

---

J. PAUL OETKEN, District Judge:

    Plaintiff Ralph W. Baker, Jr. ("Baker") brings this action against author and journalist Ta-Nehisi P. Coates ("Coates") and twenty-four other defendants (together with Coates, "Defendants").[1] Baker is the author of an autobiographical work, and he alleges that Defendants unlawfully copied Baker's work in their publication of various books, articles, and comic book series, as well as in their adaptations of those works. (ECF No. 2.)

    Before the Court are four motions by Defendants. Coates and twenty other defendants ("Coates et al.") move to dismiss for failure to state a claim and for insufficient service of process as to a subset of defendants (ECF No. 89), Winfrey moves to dismiss for insufficient service of process (ECF No. 91), Apollo and Forbes move to dismiss for failure to state a claim (ECF No. 96), and Apple moves to dismiss for failure to state a claim (ECF No. 114). Baker

---

[1] The twenty-four other defendants are BCP Literary, Inc., The Atlantic, Laurene Powell Jobs ("Jobs"), David G. Bradley ("Bradley"), Bertelsmann SE & Co. KGaA, Spiegel & Grau ("Spiegel"), Chris Jackson ("Jackson"), Nicole Counts ("Counts"), Victory Matsui ("Matsui"), Kenyatta Matthews, the Apollo, Maceo-Lyn, Kamilah Forbes ("Forbes"), Susan Kelechi Watson ("Watson"), Warner Bros. Discovery, Inc. ("Warner"), Oprah Winfrey ("Winfrey"), The Walt Disney Company, Apple, Inc. ("Apple"), Plan B, MGM Studios ("MGM"), Ryan Coogler ("Coogler"), Joe Robert Cole ("Cole"), Roxane Gay ("Gay"), and Yona Harvey ("Harvey").

1

filed a response to Defendants' motions to dismiss (ECF No. 120), and Apple, Coates et al., Apollo and Forbes, and Winfrey each filed a reply (ECF Nos. 128, 134, 135, 136).

Magistrate Judge Sarah L. Cave conducted a thorough and careful review and issued a Report and Recommendation on July 26, 2023 (the "R&R" or "Report") advising that Baker's claims should be dismissed for failure to state a claim, as well as for insufficient service of process as to a subset of Defendants. (ECF No. 145.) Baker filed objections to the Report on August 31, 2023 (ECF No. 150), and Apple and Winfrey, Coates et al., and Apollo and Forbes filed responses to Baker's objections on September 15, 2023 (ECF Nos. 152, 153, 155). For the reasons that follow, the Court adopts the Report in its entirety.

**I.       Legal Standard**

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

When the objecting party is proceeding *pro se*, as is the case here, the court is "obligated to afford a special solicitude" to that party, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), and that party's submissions are read "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted and citation omitted).

Baker objects to the Report's recommendations on the ground that the Report failed to grapple with the "comprehensive non-literal similarity" between Defendants' works and Baker's work. (ECF No. 150.) Because Baker does not appear to object to the Report's recommendation

2

that this Court dismiss Baker's claims against a subset of Defendants for insufficient service of process, this Court reviews that recommendation for clear error. The Court reviews de novo the Report's recommendation to dismiss Baker's claims against the remaining defendants for failure to state a claim, however, as Baker objects to that recommendation. (*Id.*)

II.   **Discussion**

    A.   **Insufficient Service of Process**

To exercise jurisdiction over defendants, "the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Because service implicates this Court's jurisdiction, the adequacy of service of process "is ordinarily considered before any merits-based challenge to the complaint." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 n.7 (S.D.N.Y. 2016). Under Rule 12(b)(5), a court may dismiss a claim due to insufficient service of process. On such a motion, "the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order).

Magistrate Judge Cave recommended that the Court grant Winfrey's motion to dismiss for insufficient service of process, as well as Coates et al.'s motion to dismiss for insufficient service of process as to Defendants Cole, Gay, Watson, Matsui, Maceo-Lyn, Jobs, Warner, Counts, Bradley, Jackson, Coogler, Spiegel, Harvey, and MGM. (R&R at 16-17.) This Court adopts those recommendations.

As Judge Cave explained, Baker fell short of serving a number of Defendants. As to Defendant MGM, Baker did file an affidavit of service, but the affidavit states that MGM was "NOT SERVED." (R&R at 14; ECF No. 25.) As to the remaining aforementioned defendants, the entities that Baker did purport to serve do not have any relevant connection to the particular defendant. For example, with respect to Defendant Cole, Baker represented that he served Cole

via "Rose Leda Ehler" on October 14, 2022, by delivering the Summons and Complaint to "Eddie Jimenez," a "Mailroom Associate" at the law firm Munger, Tolles, & Olson.  (ECF No. 16.)  Baker, however, did not establish that the individual he did serve is an authorized agent of the relevant defendant.  Accordingly, there is no clear error in the Report's conclusion that Baker "has not met [his] burden to show that" the individuals he served were indeed Defendants' "agent[s] for service of process."  *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 590 (S.D.N.Y. 2006).

Normally, Rule 4(m) requires a court to "dismiss the action without prejudice" if a plaintiff fails to properly serve a defendant within the requisite time period.  Fed. R. Civ. P. 4(m).  But when the "problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it," a district court may dismiss a case with prejudice.  *Black v. Vitello*, 841 F. App'x 334, 336 (2d Cir. 2021) (summary order) (alteration in original) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 12 (2d Cir. 2000)); *see also Samaan v. City of New York*, No. 18-CIV-9221, 2023 WL 2499263, at *10 (S.D.N.Y. Mar. 14, 2023); *Cox v. City of New Rochelle*, No. 17-CV-8193, 2020 WL 5774910, at *9 (S.D.N.Y. Sept. 28, 2020); *Nesbeth v. New York City Mgmt. LLC*, No. 17-CIV-8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019).  Where, as here, the "same grounds for dismissal of the [served Defendants] . . . warrant[s] dismissal" of the complaint "as to the Unserved Defendants," as explained below, "dismissal with prejudice is appropriate" despite Rule 4(m)'s language permitting a court to dismiss without prejudice.  *Cox*, 2020 WL 5774190, at *9 (alterations in original) (internal quotation marks and citation omitted).

As a result, with respect to Baker's claims against Defendants Winfrey, Cole, Gay, Watson, Matsui, Maceo-Lyn, Jobs, Warner, Counts, Bradley, Jackson, Coogler, Spiegel, Harvey, and MGM, this Court dismisses those claims with prejudice.

B.     **Failure to State a Claim**

Baker is the author and copyright owner of the autobiographical work "Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead" ("Shock Exchange"). (ECF No. 2 ¶ 2.) Baker alleges that Coates and the remaining defendants willfully copied elements of Shock Exchange in their works. (*Id.* ¶¶ 1-2, ¶¶ 9-23.) Baker seeks declaratory relief, injunctive relief, damages, and attorney's fees. (*Id.* ¶¶ 353-59.) All Defendants other than Winfrey have moved to dismiss Baker's complaint for failure to state a claim. (ECF Nos. 89, 96, 114.) Magistrate Judge Cave recommended that the Court grant those motions to dismiss. (R&R at 46-47, 51.) For the reasons that follow, this Court adopts that recommendation.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

To demonstrate copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying is "generally established by showing (a) that the defendant had access to the copyrighted work and (b) the substantial

similarity of protectible material in the two works." *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993).

Because copyright law protects only "the expression of ideas" and "not the ideas themselves," certain elements of works are not copyrightable. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 67 (2d Cir. 2010). When a work contains both protectable and unprotectable elements, courts "must attempt to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone*, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) (emphasis in original). For example, "facts are not copyrightable," *Feist*, 499 U.S. at 344, nor are "'scènes à faire,' which involve 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic,'" *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 292 (S.D.N.Y. 2012) (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980)). Still, "a compilation of unprotectable elements may enjoy copyright protection when those elements are arranged in an original manner," although "random similarities scattered throughout the works" do not support a finding of substantial similarity. *Montgomery v. Holland*, 408 F. Supp. 3d 353, 363 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

Ultimately, courts ask "whether a lay observer would consider the works as a whole substantially similar to one another." *Id.* (quoting *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996)). Although the question of substantial similarity is often answered by a jury, the Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law." *Gaito*, 602 F.3d at 63.

This case presents one of those circumstances, as Baker fails to state a claim that Defendants' works exhibit substantial similarity to protected elements of Shock Exchange. As described in the complaint, Shock Exchange "explains the stock market and the economy through the eyes of the New York Shock Exchange, a travel basketball team and financial literacy program Mr. Baker started in 2006 for his 11-year-old son and other boys his age." (ECF No. 2 ¶ 65.) Shock Exchange covers Mr. Baker's life growing up, his family members, and Baker's "thinking on the economy, the political climate and Black culture." (*Id.* ¶¶ 67-71.) According to Baker, Coates's works — such as the book "Between the World and Me," the Black Panther comic book series, and the article "The Case for Reparations" — substantially copied Shock Exchange. (*Id.* ¶¶ 9-23.)

To begin, as Magistrate Judge Cave highlighted, Baker premises many of his claims on elements of his work that are not protectable under copyright law. (*See* R&R at 34-43.) While Baker alleges that Defendants copied his unique writing style of "rhythmic prose and tedious talk" (*e.g.,* ECF No. 2 ¶¶ 4, 9, 14, 94, 96, 97, 147), he does not identify elements of Shock Exchange that constitute unique enough literary devices to qualify as copyrightable material. *See Whitehead v. CBS/Viacom, Inc.*, 315 F. Supp. 2d 1, 11 (D.D.C. 2004) ("While similar writing styles may contribute to similarity between works' total concept and feel, a particular writing style or method of expression standing alone is not protected by the Copyright Act."). Baker also alleges that Coates copied his "interpretative analysis of redlining" (ECF No. 2 ¶¶ 119), but he does not point to similarities beyond general factual narratives, such as discrimination by banks in the mortgage business, that are unprotectable (*see, e.g., id.* ¶¶ 130-33). And while Baker alleges that the settings in some of Defendants' works (such as a plantation house setting in Coates's book, "The Water Dancer") are similar to the setting of his grandmother's house in

Shock Exchange (*see, e.g., id.* ¶ 74), such generalized settings are not protectable under copyright law. *See Effie Film*, 909 F. Supp. 2d at 292.

More critically, even granting that Baker's work contains protectable elements, Baker's claims must be dismissed because he fails to allege substantial similarity between his work and the allegedly infringing works. Baker objects to the Report by arguing that it ignores the "comprehensive non-literal similarity" between Defendants' works and his work, as the "fundamental essence or structure of [Baker's] work is duplicated" in their works. (ECF No. 150 at 1-2.) In support of his position, Baker provides in his complaint a comprehensive list of side-by-side comparisons of passages from Shock Exchange and passages from the allegedly infringing works. (ECF No. 2 at 75-161.) But as Magistrate Judge Cave observed, those side-by-side comparisons demonstrate that Baker's and Defendants' works actually "differ dramatically . . . in total concept and overall feel . . . as well as in elements more easily isolated, like plot, themes, and pacing." *Montgomery*, 408 F. Supp. 3d at 375 (internal quotation marks and citation omitted).

For example, Baker includes a comparison of a passage from Shock Exchange and a passage from "Between the World and Me" that are purportedly similar. (ECF No. 2 at 117.) Baker's excerpt describes his relationship with his grandmother and the games he played with his family when growing up. (*Id.*) That excerpt, however, differs dramatically in both style and content from Coates's passage, which describes Coates's thoughts on journalism and the advent of the Internet. (*Id.*) Such lack of similarity ultimately pervades the numerous comparisons that Baker provides in his complaint. (*See* R&R at 43-46.)

As Magistrate Judge Cave explained, such lack of similarity is unsurprising, given the divergent natures of Baker's work and the challenged works: While Baker's work is a "largely

8

autobiographical book recounting Baker's life and his analysis of the 2008 financial crisis," the challenged works include everything from "a surreal tale of an escape from slavery (Water Dancer)" to "superhero stories involving fictional kingdoms, global revolution, and the struggle against fascist takeover (the Comics and Black Panther Movie)." (*Id.* at 43-44.)

Finally, while Baker also appears to assert that Defendants engaged in unfair competition (*see, e.g.*, ECF No. 2 ¶¶ 183, 195, 222, 229), Baker does not object to the Report's recommendation that claims about misrepresentations of the author of a work are not cognizable under either the Lanham Act or New York common law (R&R at 49-51). As a result, Baker fails to state a claim under either copyright law or any law governing unfair competition claims.

Although courts typically grant *pro se* plaintiffs leave to amend a complaint to replead factually insufficient claims, *see Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013), leave to amend is not necessary when it would be futile, *Black*, 841 F. App'x at 336. This Court has had the opportunity to review both Baker's work and Defendants' work at length, and because of the significant dissimilarity between those two bodies of work, further amendment would be futile.

Accordingly, the claims against the remaining defendants are dismissed for failure to state a claim.

### III. Conclusion

For the foregoing reasons, the Report and Recommendation dated July 26, 2023, by Judge Sarah L. Cave (ECF No. 145) is hereby ADOPTED and Baker's objections (ECF No. 150) are OVERRULED. Defendants' motions to dismiss (ECF Nos. 89, 91, 96, 114) are hereby GRANTED, and the complaint is dismissed with prejudice.

The Clerk of Court is directed to close the motions at Docket Numbers 89, 91, 96, and 114, to enter judgment in favor of Defendants dismissing the complaint with prejudice, and to close this case.

SO ORDERED.

Dated: September 27, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge